In re The LIONEL CORPORATION, Lionel Leisure, Inc., Consolidated Toy Company, Debtors.

The LIONEL CORPORATION, Plaintiff,

v.

The COMMITTEE OF EQUITY SECURITY HOLDERS OF the LIONEL CORPORATION and Michael J. Scharf, Defendant.

Bankruptcy Nos. 82 B 10318 to 82 B 10320 (EJR).

Adv. No. 83–5395A (EJR).

United States Bankruptcy Court, S.D. New York.

May 27, 1983.

**328**

Olwine, Connelly, Chase, O'Donnell & Weyher, Angel & Frankel, New York City, for debtors.

Kronish, Lieb, Shainswit, Weiner & Hellman, New York City, for Equity Security Holders' Committee.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for Individual Bd. of Directors.

Anderson, Russell, Kill & Olick, P.C., New York City, for Majority Debenture Holders.

Weil, Gotshal & Manges, New York City, for Creditors' Committee.

Nathan Fuchs, New York City, for S.E.C.

## DECISION ON MOTION FOR PRELIMINARY INJUNCTION

EDWARD J. RYAN, Bankruptcy Judge.

On February 19, 1982, Lionel filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. Lionel continued in possession of its assets and the operation and management of its business as debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

Pursuant to an Order of this Court dated March 12, 1982, the United States Trustee appointed the defendant Committee of Equity Security Holders of Lionel in this proceeding (the "Equity Committee"), and defendant Michael J. Scharf was elected and has served since as chairman of the Equity Committee.

Plaintiff Lionel is a corporation duly organized under the laws of the State of New York.

On February 10, 1983, defendants commenced an adversary proceeding in this Court entitled *The Committee of Equity Security Holders of The Lionel Corporation and Michael J. Scharf v. The Lionel Corporation, et al.,* Adv.Proc. No. 83–5166A, against Lionel and each of its directors individually (the "bankruptcy proceeding"). Its First Cause of Action seeks, *inter alia,* to compel Lionel and the members of its Board of Directors to call and hold Lionel's 1982 annual meeting of shareholders for the election of three Lionel directors. Its Second Cause of Action seeks, *inter alia,* to compel Lionel and the members of its Board of Directors to call and hold Lionel's 1983 annual meeting of shareholders for the election of three more Lionel directors. Its Third cause of Action alleges that Lionel's 1981 election of four other present directors was obtained by means of a misleading proxy statement, allegedly in violation of Section 14(a) of the Securities Exchange Act, and seeks an order, *inter alia,* declaring the 1981 election null and void and directing a new election of the remaining four directors.

There is no dispute that in the bankruptcy proceeding (which is also before this

Court) the director-defendants have moved to dismiss the complaint on, among other grounds, an absence of jurisdiction over them. On the other hand, Lionel has conceded jurisdiction in this Court in the bankruptcy proceeding. However, Lionel too has moved to dismiss the bankruptcy proceeding. The dismissal motions are *sub judice.*

On or about March 28, 1983, and after Lionel and its directors (the defendants in the bankruptcy proceeding) had indicated their intention to raise jurisdictional defenses to that action, defendants-respondents herein commenced an Article 78 proceeding entitled *The Committee of Equity Security Holders of The Lionel Corporation and Michael J. Scharf, Petitioner v. The Lionel Corporation, et al., Respondents,* in the Supreme Court of the State of New York, County of New York (Index No. 07303/83) (the "state court proceeding") seeking an order, *inter alia,* compelling Lionel and the members of its Board of Directors to call and hold Lionel's 1982 and 1983 annual meetings of shareholders for the election of six directors.

The allegations of defendants' petitions in the state court proceeding and the relief sought by defendants in that proceeding are essentially the same as the averments and the relief sought in the first and second causes of action in defendants' adversary proceeding previously filed in this Court (Adv. No. 82–5166A). Defendants herein initially brought on the state court proceeding for a hearing by Order to Show Cause under applicable state court procedure. By agreement among the parties to that action, any responsive submission in that action is due by May 31, 1983 and a hearing is scheduled in the State Court on June 1, 1983.*

On April 4, 1983, Lionel commenced the within adversary proceeding seeking preliminary and permanently to enjoin defendants from prosecuting the state court proceeding and for other relief.

The Adversary Proceeding No. 82–5166A commenced in this Court by defendants and the duplicative State Court Proceeding raise fundamental issues of corporate governance.

The standards for granting a preliminary injunction in this Circuit are well settled. A recent statement of the tests is found in *Seaboard World Airlines, Inc. v. Tiger International, Inc.,* 600 F.2d 355, 359–60 (2d Cir.1979), quoting *Jackson Dairy, Inc. v. H.P. Hood Co., & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir.1979) (per curiam):

> "Preliminary injunctive relief in this Circuit calls for a showing of '(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'"

Lionel has failed to demonstrate any irreparable harm, which factor alone requires a denial of an injunction. Lionel has pointed to the unnecessary expense, diversion of resources, and risk of inconsistent rulings attendant with the defence of duplicative claims in two different courts. Also Lionel contends that failure to enjoin the state court proceeding could result in fundamental issues affecting Lionel's reorganization being heard and determined outside the reorganization proceeding.

However, if this Court refrains, as it chooses to do, from presently deciding the corporate governance issues, then the state court will be the sole forum entertaining the issues contained in counts one and two of the complaint; consequently, the ominous specter raised by Lionel is devoid of any content.

In addition, the state court is fully competent to take notice of the pendency of a reorganization proceeding. We doubt, though, whether such an event will substantially affect the outcome of a strictly corporate governance controversy.

---

* These Chambers were subsequently informed by the attorneys for the debtor that the June 1, 1983 date was adjourned to June 8, 1983.

As the Court noted at the hearing on May 13, 1983, at pages 21–22 of the transcript thereof, there is nothing in the record that demonstrates how the reorganization is going to be impeded here by the holding of an annual meeting. To the contrary, if the defendants "are able to elect a new board it may be that the reorganization here will take an entirely different turn", as the Court observed at the hearing on May 13, 1983.

Lionel has also failed the second test under either standard; it has not demonstrated a likelihood of success on the merits nor has it demonstrated sufficiently serious questions going to the merits of its complaint coupled with a weightier balance of hardships. There is no demonstrable reason for denying shareholders their right to an annual meeting despite the pendency of a reorganization proceeding, and it would be an abuse of this Court's power to preclude defendants-respondents herein from resorting, as they have, to all available legal remedies including the state court proceeding as a vehicle for asserting their fundamental rights against Lionel, a New York Corporation, and its Board of Directors. In addition, the balance of hardships tips heavily in favor of Lionel's approximately 16,000 shareholders and the defendants-respondents herein who represent those shareholders, all of whom have been deprived of the opportunity of electing directors of their choice at regularly held annual meetings.

In sum, upon the whole record, there is no injury to Lionel and its individual directors from responding in state court to a petition seeking to compel them to honor their fiduciary duty to the shareholders through the calling of the long overdue annual meetings, and there is no basis on this record for precluding or enjoining the shareholders (the Committee of Equity Security Holders) from seeking to assert their rights through the pending state court proceeding.

It is:

ORDERED AND DECREED that the motion for a preliminary injunction be and the same hereby is denied in all respects.