**In re SAXON INDUSTRIES, Debtor.**

**Bankruptcy No. 82 B 10697 (ER).**

United States Bankruptcy Court,
S.D. New York.

May 1, 1984.

See also, Bkrtcy., 29 B.R. 320.

---

2. *See* Debtor's Memorandum in Support of Objection to Claim, at 2 & 3.

Milbank, Tweed, Hadley & McCloy, New York City, for the Committee of Equity Security Holders.

Zalkin, Rodin & Goodman, New York City, for Institutional Bank Creditors' Committee.

Harry Jones, Asst. U.S. Trustee, New York City.

Shea & Gould, New York City, for Creditors' Committee.

Cahill, Gordon & Reindel, Burns, Summit, Rovins & Feldesman, New York City, for debtor.

## DECISION ON MOTION TO EMPLOY SPECIAL COUNSEL NUNC PRO TUNC

EDWARD J. RYAN, Bankruptcy Judge.

On April 15, 1982, Saxon Industries, Inc. (Saxon) filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. Saxon was continued in possession of its property and in the operation of its business pursuant to section 1107 of the Bankruptcy Code.

On June 30, 1982, the court ordered the United States Trustee to appoint a committee of equity security holders of common stock of the debtor. On August 3, 1982 acting pursuant to this court's order and section 151102(b) of the Bankruptcy Code, the United States Trustee appointed the equity committee.

By notice of motion dated February 6, 1984, the equity committee seeks an order of this court authorizing it to employ Allmond, Eastburn and Benge as special counsel *nunc pro tunc* as of February 6, 1984 to represent it in connection with litigation commenced against the debtor in the Chancery Court of Delaware. In that litigation the equity committee is seeking to compel the debtor to hold an annual meeting of its stockholders for the election of directors. The last annual meeting of Saxon's shareholders was held on June 21, 1981.

This motion is opposed by the debtor, the official creditors committee and the unofficial committee of bank creditors (the objectants).

In an analogous situation, this court refused to enjoin a state court proceeding brought by the equity committee of the Lionel Corporation seeking to compel that debtor to call and hold its 1982 and 1983 annual meetings of shareholders. *In re Lionel,* 30 B.R. 327 (Bkrtcy.S.D.N.Y.1983). The objectants attempt to distinguish *Lionel* because the debtor herein is insolvent by over $200 million and is on the verge of filing a plan of reorganization as embodied in a letter of intent entered into with Alco Standard Corporation, whereby Alco would become the sole shareholder of Saxon. Therefore, the objectants argue, the equity committee will have no interest in the reorganized Saxon and bring this motion solely to harass Saxon's management.

However, the issue of whether the insolvency of Saxon and the proximity to confirmation should preclude the holding of shareholders' meeting is not before the court at this time. This court will not preclude the equity committee from resorting to all available legal remedies including the state court proceeding as a vehicle for asserting their fundamental rights against Saxon, a Delaware Corporation, to elect directors of their choice. Denying the equity committee's application would bar its access to the Delaware State Court.

Accordingly, the motion of the equity committee to retain special counsel is granted.

Settle an appropriate order.