### In re MID–AMERICA PETROLEUM, INC., Debtor,

### INTRAMERICAN OIL & MINERALS, INC., Plaintiff,

### v.

### MID–AMERICA PETROLEUM, INC., Wade D. Althen, Louis Chandler, Randy Hair, Gary P. Wilson and Banctexas Dallas, N.A., Defendants.

**Bankruptcy No. 587–50046.
Adv. No. 587–5003.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

March 9, 1987.

Earl L. Yeakel, III, Giles & Yeakel, Austin, Tex., for Intramerican.

Richard W. Ward, Palmer, Palmer & Coffee, P.C., Dallas, Tex., for Mid-American; John Spinuzzi, Denton, Tex., Special Counsel.

Bruce B. Hart, Dallas, Tex., for MAP Equity Security Holders Committee.

## MEMORANDUM OF OPINION

JOHN C. AKARD, Bankruptcy Judge.

On October 28, 1986, the Court heard arguments on the question whether the Board of Directors of a company in Chapter 11 may issue authorized but unissued stock during a Chapter 11 proceeding but prior to confirmation of a Plan of Reorganization. A second issue was raised as to the proper transfer of shares purchased by Intramerican Oil & Minerals, Inc. (Intramerican). The parties submitted briefs on these questions.

### Facts

Mid-America Petroleum, Inc. (Mid-America) filed for protection under Chapter 11 of the Bankruptcy Code on January 31, 1986. Subsequently, Intramerican purchased 50.1% of the outstanding common stock and 66.67% of the outstanding preferred stock of Mid-America.

On September 11, 1986, Mid-America announced the issuance of 3.5 million shares of common stock and warrants to acquire an additional 17.5 million shares to Dr. Gary P. Wilson in order to position the Debtor for reorganization.

On September 16, 1986, Intramerican filed this Adversary Proceeding in order to prevent the proposed sale. Intramerican argues that the sale of the stock is property of the estate and may not be sold other than in the ordinary course of business. 11 U.S.C. § 363(b)(1). Mid-America argues that authorized but unissued stock is not an asset of the corporation and therefore is not property of the Debtor's estate pursuant to 11 U.S.C. § 541.

### Discussion

■ Authorized but unissued stock cannot be considered an asset of a corporation. 18 C.J.S. § 210, *Unissued Original Stock,* at p. 644. Further, such stock cannot be owned by the corporation. *Drinker, The Preemptive Rights of Shareholders to Subscribe to New Shares,* 43 Harv.L.Rev. 586, n. 45 (1930). This Court finds that authorized but unissued shares of a corporate debtor are not property of the estate pursuant to 11 U.S.C. § 541. Therefore, any dealings with such stock may be done outside § 363 limitations. Additionally, the corporate stock at issue is not included in the ambit of § 364, which authorizes a Trustee (Debtor-in-Possession) to obtain credit. Sale of new stock to a third party by the Debtor would provide funds for a reorganization and is not the obtaining of credit.

This Court can find no case law which would restrict the issuance of additional stock by a debtor corporation so long as the corporation receives fair value for the stock and complies with its Articles of Incorporation and Bylaws as well as with all applicable State and Federal securities laws.

■ With regard to the transfer of shares acquired by Intramerican, the Court finds that the requirements of the transfer agent that the certificates be presented and that they be duly completed as to the form of assignment with "bank-guaranteed signatures," are reasonable. However, under the circumstances of this case, a requirement of the transfer agent that Mid-America authorize and permit the transfer is an unduly restrictive condition and is subject to abuse by the present Board of Directors to retain control of the corporation. In lieu of this requirement, Intramerican is to furnish to the transfer agent a certificate which states that:

1. Intramerican is purchasing the stock for investment purposes and not for resale.

2. In acquiring the stock, Intramerican is not relying on any representations made by Mid-America, its officers, directors, agents, or employees.

3. In acquiring the stock, Intramerican is not relying on any representations made by the transfer agent, its officers, directors, agents or employees.

Upon receipt of such a certificate, the transfer agent shall transfer the stock and issue new certificates.

The new certificates shall contain the following restrictive language:

The Securities represented by this Certificate may not be offered for sale, sold or otherwise transferred except pursuant to an effective registration statement made under the Securities Act of 1933 (the "Act"), or pursuant to an exemption from registration under the Act.

Although it would seem to be more advantageous to the Debtor to issue stock as a part of a Plan of Reorganization, nothing in the Bankruptcy Code prohibits the issuance of stock outside a Plan.

■ Although there was testimony at the hearing to the effect that a transfer of shares to Intramerican permitted Intramerican to call a shareholders meeting and impede the reorganization of the company, the intent of shareholders merely to exercise their bargaining power, whether by replacing individual Directors, or by replacing the entire Board of Directors, or by other means, does not constitute clear abuse. Further, the record fails to show that reorganization of the Debtor would be impeded merely because Intramerican caused it to take a different turn. *Manville Corp. v. Equity Security Holders Comm., (In re Johns-Manville Corp.),* 801 F.2d 60 (2nd Cir.1986); *In re Lionel Corp.,* 30 B.R. 327 (Bankr.S.D.N.Y.1983); *In re Saxon Industries,* 39 B.R. 49 (S.D.N.Y. 1984); *Valley International Properties, Inc. v. Los Campeones, Inc.,* 568 S.W.2d 680 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.), *appeal dismissed,* 440 U.S. 902, 99 S.Ct. 1205, 59 L.Ed.2d 450 (1979).

Order accordingly.[1]

---

1. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052.