In re NEW YORK TRAP ROCK CORP., Lone Star Industries, Inc., et al., Debtors.

The OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF LONE STAR INDUSTRIES, INC., Plaintiff,

v.

LONE STAR INDUSTRIES, INC., a Delaware corporation, Debtor and Debtor In Possession, Defendant.

Nos. 90 B 21276, 90 B 21286, 90 B 21334 and 90 B 21335.

No. 92 ADV. 5049.

United States Bankruptcy Court, S.D. New York.

April 6, 1992.

Proskauer Rose Goetz & Mendelsohn, New York City, for debtors.

Willkie Farr & Gallagher, New York City, for Equity Committee.

Wachtell, Lipton, Rosen & Katz, New York City, for Official Committee of Unsecured Creditors.

Nathan M. Fuchs, New York City, for U.S. S.E.C.

Norma Ortiz, New York City, Asst. U.S. Trustee.

## DECISION ON MOTION TO DISMISS COMPLAINT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Lone Star Industries, Inc. ("Lone Star") on behalf of itself and the other above-captioned Chapter 11 debtors has moved to dismiss an adversary proceeding commenced in the name of Lone Star's Official Committee of Equity Security Holders (the "Equity Committee"). The complaint in the adversary proceeding seeks to require Lone Star to convene a shareholders' meeting. The Equity Committee amended its complaint to include Robert Henigson, a record holder of Lone Star common stock, as an additional plaintiff.

Lone Star's motion for dismissal of the complaint is bottomed on three discrete grounds. First, it is argued that the Equity Committee lacks standing under the Bankruptcy Code to bring a proceeding to compel a shareholders' meeting. Second, it is asserted that the Equity Committee has no authority under applicable Delaware law, which governs Lone Star's incorporation in Delaware, to bring a proceeding to compel a shareholders' meeting because such action may be brought only by a "stockholder" or a "director." 8 Del.Code Ann.Gen.Corp. § 211(c). Third, Lone Star reasons that dismissal of the complaint is

required because the adversary proceeding was brought by a portion of the members of the Equity Committee, namely the common shareholder members. The preferred shareholder member of the Equity Committee abstained from supporting the adversary proceeding.

### Background

Lone Star is a publicly-held corporation organized under the laws of the State of Delaware. On December 10, 1990, Lone Star and its affiliated corporations filed with this court petitions for relief under Chapter 11 of the Bankruptcy Code. Lone Star has continued to operate and manage its business as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

On November 8, 1991, the duly appointed Equity Committee commenced an action in the Delaware Chancery Court pursuant to section 211(c) of the Delaware General Corporation Law, to compel Lone Star's Board of Directors to call a shareholders' meeting for the purpose of electing new directors. At the same time, the Equity Committee applied to this court for leave to retain Delaware counsel, *nunc pro tunc*, as of October 22, 1991, at the debtor's expense, to represent the Equity Committee in the Delaware action. Following a hearing held on December 3, 1991, this court denied the application and stayed further prosecution of the action in any forum other than in the bankruptcy court. The Delaware action was thereafter discontinued without prejudice.

There is no dispute that Lone Star's corporate by-laws call for an annual meeting of shareholders on the first Thursday in May in each year or at such date as may be fixed by the Board of Directors. Lone Star's last annual meeting was held on May 3, 1990. No annual meeting has been scheduled or held since such date. No plan of reorganization has either been negotiated or proposed by Lone Star to date. Section 211(c) of the Delaware General Corporation Law provides that upon "a failure to hold the annual meeting ... for a period of thirteen months ... after its annual meeting, the Court of Chancery may summarily order a meeting to be held upon the application of any *stockholder or director*." 8 Del.Code Ann.Gen.Corp. § 211(c) (emphasis added).

### DISCUSSION

#### *Standing of the Equity Committee*

█ Lone Star maintains that the Equity Committee's role in a Chapter 11 proceeding is strictly "advisory" and that it is not authorized to commence an adversary proceeding against the debtor at the expense of the estate for the benefit of a group of shareholders who wish to gain control of the debtor's Board of Directors. Manifestly, the Equity Committee is a creature of the Bankruptcy Code and is authorized to exercise the specific powers delineated under 11 U.S.C. § 1103(c), including the authority to "perform such other services as are in the interest of those represented." 11 U.S.C. § 1103(c)(5). If the officers and directors of a debtor corporation are incapable of managing the debtor's business, an Equity Committee may seek the appointment of a trustee or examiner, as authorized under 11 U.S.C. §§ 1103(c)(4) and 1104. The fact that an Equity Committee has an express bankruptcy remedy for the appointment of a trustee or examiner does not mean that the Equity Committee is limited to this remedy, especially when 11 U.S.C. § 1103(c)(5) authorizes the performance of other unspecified services in the interest of the Equity shareholders.

█ The "other services" provision in 11 U.S.C. § 1103(c) was not viewed as sufficiently broad enough to authorize an equity committee to bring a state court litigation to compel a shareholders' meeting in *In re Johns–Manville Corp.*, 52 B.R. 879 (Bankr. S.D.N.Y.1985). Although the bankruptcy court stated that the "Equity Committee lacks standing to commence the Delaware action ...," *id.* at 883, this dictum must be viewed in the context of the court's narrower statement that section 1103 "does not grant a committee blanket authority to represent its constituency in matters *outside* and independent of the bankruptcy case." *Id.* at 884 (emphasis added). In the instant case the Delaware action has been discon-

tinued and the Equity Committee seeks an order, not outside the bankruptcy case, but from the bankruptcy court, compelling the debtor's directors to schedule an annual shareholders' meeting as required by its corporate by-laws. That the Equity Committee is not a "stockholder" within the meaning of Delaware General Corporation Law § 211(c) is of no moment because the adversary proceeding is not pending in the Delaware Chancery Court but instead, under the aegis of the bankruptcy court, where the court's authority to direct the debtor's officers and directors to comply with the corporate by-laws is not predicated on the specific language articulated in Delaware General Corporation Law § 211(c). In any event, in reversing the lower courts in the *Johns–Manville* case, the Second Circuit Court of Appeals observed that the appointment of a trustee or examiner was not the exclusive remedy available to the equity committee "in light of this circuit's legitimation of the shareholders' right to elect new directors for the frank purpose of advancing a plan they prefer." *In re Johns–Manville Corp.*, 801 F.2d 60, 66 (2d Cir.1986).

As the authorized representative of the equity interests, the Equity Committee is uniquely positioned to advance the interest of the shareholders "to be represented by directors of their own choice and thus to control corporate policy [which] is paramount and will not be disturbed unless a clear case of abuse is made out." *In re J.P. Linahan, Inc.*, 111 F.2d 590, 592 (2d Cir.1940). Thus, the Second Circuit noted over fifty years ago that the pendency of a bankruptcy reorganization does not deprive shareholders of their right to compel an annual meeting. Nonetheless, this right is not absolute, and will be denied if it is found that an election of new directors might result in an unsatisfactory management which might jeopardize the debtor's rehabilitation and the rights of creditors and shareholders, so as to constitute a "clear abuse." *Johns–Manville*, 801 F.2d at 64; *In re Potter Instrument Co.*, 593 F.2d 470, 475 (2d Cir.1979).

In *In re Saxon Industries*, 39 B.R. 49 (Bankr.S.D.N.Y.1984), and in *In re Lionel Corp.*, 30 B.R. 327 (Bankr.S.D.N.Y.1983), the bankruptcy court assumed, without expressly deciding, that an official shareholders' committee had standing to pursue a state court action to compel a shareholders' meeting, which action was not enjoined by the court. Similarly, in *In re Heck's, Inc.*, 112 B.R. 775 (Bankr.S.D.W.Va.1990), the bankruptcy court also assumed that the official shareholders' committee had standing to commence a state court action to compel an annual stockholders' meeting. However, the *Heck's* court concluded on the merits that such an action was inappropriate in light of the facts in that case and the terms of the filed plan of reorganization, with the result that the reorganization process was put at risk by the state court proceeding. *Id.* at 801.

Absent a showing of clear abuse after a hearing on the merits, it should not be the role of the court to interfere with corporate democracy. Clearly, an official Equity Committee has standing as a party in interest to apply to the bankruptcy court for an order compelling the debtor's directors to comply with the annual meeting mandated by the debtor's own by-laws.

There is no question that the debtor's shareholders, as distinguished from their representative official Equity Committee, have standing to seek to compel an annual shareholders' meeting. *In re Micron Product, Inc.*, Slip Op. 91–16324S (Bankr. E.D.Pa. Feb. 28, 1992); *In re Mid–America Petroleum, Inc.*, 71 B.R. 140, 142 (Bankr. N.D.Tex.1987). However, Lone Star and the Official Creditors' Committee object to the fact that the adversary proceeding was originally commenced by the Equity Committee and its counsel at the expense of the estate. Although an individual shareholder has joined the complaint as a plaintiff, the costs of this litigation will be borne by the estate because counsel for the Equity Committee will bill the estate for the legal services performed in this adversary proceeding. However, counsel for the Equity Committee is limited in their representation of the shareholders to the extent of participating in the adversary proceeding. In the

event that the Equity Committee succeeds on the merits, and an annual meeting is directed, counsel for the Equity Committee may not be compensated for any services performed beyond the adversary proceeding in connection with the shareholders' meeting. All shareholder costs and expenses with respect to Lone Star's annual meeting must be borne by the shareholders themselves. The Equity Committee's standing to pursue the interests of those they represent includes, however, the right to commence an adversary proceeding in this court for an order directing the scheduling of an annual meeting by the debtors.

### Authority Under Delaware Law

Lone Star contends that the Equity Committee is not authorized under Delaware Law to bring a proceeding to compel a shareholder meeting because it is not a "stockholder" or a "director" as required under Delaware General Corporation Law § 211(c). This point would have had more vitality had the Equity Committee not complied with this court's order enjoining further prosecution of the action in any forum other than in the bankruptcy court. In view of the fact that the Equity Committee discontinued the Delaware action, this point is academic. As previously noted, this court may require the debtor's directors to comply with the debtor's by-laws at the request of a party in interest, including the Equity Committee, which is a party in interest within the meaning of 11 U.S.C. § 1109(b), without the need for an application by a "stockholder" or a "director."

### The Private Agenda

■ Lone Star argues that the adversary proceeding constitutes an unauthorized and improper attempt by certain common stockholders who are members of the Equity Committee to appropriate the Committee's name and its position, resources and counsel, to facilitate an unlawfully conducted takeover of Lone Star. The debtor further contends that the amendment of the complaint to include a specific Lone Star shareholder as an additional plaintiff is merely a cosmetic change because the costs and expenses of the Equity Commit-

tee's adversary proceeding will continue to be borne by the debtor's estate rather than by the shareholders in the advancement of their own interests. Lone Star notes that this action is only the latest of several attempts by certain common shareholders to use the Equity Committee, not to advance the reorganization process, but rather to reconstitute Lone Star's Board of Directors. Hence, Lone Star reasons that these shareholders are apparently attempting to avoid the responsibility and expense of bringing an action on their own behalf by improperly using their position on the Equity Committee to obtain representation, at the estate's expense, thereby draining funds from the creditors, for the purpose of advancing their individual interests.

Lone Star's objection to the complaint goes to the merits of the adversary action and raises facts which may not be resolved on a motion to dismiss the complaint. That certain influential members of the Equity Committee may have a private agenda in seeking an annual shareholders' meeting is an issue which Lone Star may raise in defense at the hearing to be held in the adversary proceeding. Lone Star may introduce evidence at the hearing as to the underlying facts supporting their position. However, a motion to dismiss the complaint is not an appropriate vehicle to resolve this disputed charge.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The Equity Committee has standing to commence an adversary proceeding in this court to compel the debtor's directors to schedule an annual meeting of shareholders as mandated by the debtor's corporate by-laws.

3. That the Equity Committee is neither a "stockholder" nor a "director" within the meaning of Delaware General Corporation Law § 211(c) does not detract from its standing in this court for an order directing the debtor to conduct an annual sharehold-

ers' meeting in accordance with its corporate by-laws.

4. The debtor's contention that certain members of the Equity Committee have an improper private agenda to take over the debtor is a factual ground which goes to the merits and does not support a motion to dismiss the adversary complaint as a matter of law, based on the pleadings.

5. Lone Star's motion to dismiss the Equity Committee's complaint is denied.

IT IS SO ORDERED.